**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBECKA JACKSON-MOESER, | No. 17-56488 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08733-SVW-JPR |
| v. | |
| JUNO ARMSTRONG, a California Highway Patrol officer, individually, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,** District
Judge.

Rebecka Jackson-Moeser appeals the district court's grant of summary

judgment in favor of California Highway Patrol ("CHP") Officer Juno Armstrong

on her 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

affirm.

1. The district court properly granted summary judgment in favor of Armstrong on Jackson-Moeser's Fourth Amendment unconstitutional seizure claim. Jackson-Moeser failed to raise a genuine dispute of material fact as to whether she was seized in violation of the Fourth Amendment. Because Armstrong's baton strike did "not show an unambiguous intent to restrain," *Brendlin v. California*, 551 U.S. 249, 255 (2007), Jackson-Moeser must prove that "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that [s]he was not free to leave," *United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *see also United States v. McClendon*, 713 F.3d 1211, 1215 (9th Cir. 2013) (explaining that meeting the *Mendenhall* test is "a *necessary . . .* condition for seizure" (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991))). After Armstrong struck Jackson-Moeser with his baton as the line of CHP officers was pushing the protesters off the freeway, Jackson-Moeser ran away; no officers told her to stop or followed her as she left the freeway. Considering "the totality of the circumstances," the district court correctly concluded that Jackson-Moeser was free to leave. *Morgan v. Woessner*, 997 F.2d 1244, 1253 (9th Cir. 1993).

2. The district court also properly granted summary judgment in favor of Armstrong on Jackson-Moeser's First Amendment retaliation claim. Jackson-

2

Moeser failed to adduce evidence that she was engaged in "constitutionally protected activity," which is a required element of her retaliation claim. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). When Armstrong struck her with his baton, Jackson-Moeser was illegally protesting in the middle of a freeway in violation of a time, place, and manner restriction that she does not challenge. *See Berger v. City of Seattle*, 569 F.3d 1029, 1035–36 (9th Cir. 2009). Therefore, Jackson-Moeser was never "engaged in a constitutionally protected activity" that could have motivated Armstrong's allegedly retaliatory baton strike.

**AFFIRMED.**